TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00359-CR







Richard Solis Yanez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 95-032, HONORABLE JACK ROBISON, JUDGE PRESIDING







PER CURIAM


 Pursuant to a plea bargain agreement, appellant pleaded guilty to an indictment
accusing him of driving while intoxicated, third offense. Act of May 27, 1983, 68th Leg. R.S.,
ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574 (Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b), (e),
since amended and codified at Tex. Penal Code Ann. §§ 49.04, 49.09 (West 1994 & Supp.
1996)). The agreed punishment was imprisonment for two years and a $1000 fine. After
admonishing appellant and accepting his plea, the district court ordered the preparation of a
presentence report.

 When trial resumed one month later, the court announced that it was dissatisfied
with the agreed punishment and that it preferred "five years probated with the SAFPF program." 
Appellant objected that this was not the punishment he agreed to and asked to withdraw his guilty
plea. The court denied that request. The court then adjudged appellant guilty and assessed
punishment at imprisonment for five years, but suspended imposition of sentence and placed
appellant on community supervision. The court also assessed a $1000 fine and announced several
special supervisory conditions, including participation in the SAFPF program and use of an
ignition interlock.

 In five points of error, appellant contends his guilty plea was involuntary under
the circumstances and that the district court erred by refusing to permit him to withdraw it. The
State concedes that error is presented, and we agree. The district court's refusal to follow the plea
bargain agreement rendered the guilty plea involuntary. Escobedo v. State, 643 S.W.2d 243, 246
(Tex. App.--Austin 1982, no pet.). When the court rejected the agreement, appellant was entitled
to withdraw his plea. Tex. Code Crim. Proc. Ann. art. 26.13(a)(2) (West 1989). Points of error
one through five are sustained.

 Appellant asks this Court to order specific performance of the agreement. We
agree with the State, however, that appellant is not entitled to specific performance. An agreed
punishment recommendation is not binding on the trial court. Id. Therefore, a plea bargain
agreement does not become operative and enforceable until it is accepted by the court. Ex parte
Williams, 637 S.W.2d 943, 947 (Tex. Crim. App. 1982); Tate v. State, 834 S.W.2d 566, 572
(Tex. App.--Houston [1st Dist.] 1992, pet. ref'd). Because the district court never accepted the
agreement between appellant and the State, it never became a "contract" enforceable by specific
performance. The proper remedy is that requested by appellant below and erroneously refused
by the court: withdrawal of the guilty plea.

 The judgment of conviction is reversed and the cause is remanded to the district
court for a new trial at which appellant may enter his plea to the indictment. Our disposition of
the first five points of error renders appellant's sixth point moot.



Before Justices Powers, Jones and B. A. Smith

Reversed and Remanded for New Trial

Filed: July 17, 1996

Do Not Publish



ER>TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00359-CR







Richard Solis Yanez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 95-032, HONORABLE JACK ROBISON, JUDGE PRESIDING







PER CURIAM


 Pursuant to a plea bargain agreement, appellant pleaded guilty to an indictment
accusing him of driving while intoxicated, third offense. Act of May 27, 1983, 68th Leg. R.S.,
ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574 (Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b), (e),
since amended and codified at Tex. Penal Code Ann. §§ 49.04, 49.09 (West 1994 & Supp.
1996)). The agreed punishment was imprisonment for two years and a $1000 fine. After
admonishing appellant and accepting his plea, the district court ordered the preparation of a
presentence report.

 When trial resumed one month later, the court announced that it was dissatisfied
with the agreed punishment and that it preferred "five years probated with the SAFPF program." 
Appellant objected that this was not the punishment he agreed to and asked to withdraw his guilty
plea. The court denied that request. The court then adjudged appellant guilty and assessed
punishment at imprisonment for five years, but suspended imposition of sentence and placed
appellant on community supervision. The court also assessed a $1000 fine and announced several
special supervisory conditions, including participation in the SAFPF program and use of an
ignition interlock.

 In five points of error, appellant contends his guilty plea was involuntary under
the circumstances and that the district court erred by refusing to permit him to withdraw it. The
State concedes that error is presented, and we agree. The district court's refusal to follow the plea
bargain agreement rendered the guilty plea involuntary. Escobedo v. State, 643 S.W.2d 243, 246
(Tex. App.--Austin 1982, no pet.). When the court rejected the agreement, appellant was entitled
to withdraw his plea. Tex. Code Crim. Proc. Ann. art. 26.13(a)(2) (West 1989). Points of error
one through five are sustained.

 Appellant asks this Court to order specific performance of the agreement. We
agree with the State, however, that appellant is not entitled to specific performance. An agreed
punishment recommendation is not binding on the trial court. Id. Therefore, a plea bargain
agreement does not become operative and enforceable until it is accepted by the court. Ex parte
Williams, 637 S.W.2d 943, 947 (Tex. Crim. App. 1982); Tate v. State, 834 S.W.2d 566, 572
(Tex. App.--Houston [1st Dist.] 1992, pet. ref'd). Because the district court never accepted the
agreement between appellant and the State, it never became a "contract" enforceable by specific
performance. The proper remedy is that requested by appellant below and erroneously refused
by the court: withdrawal of the guilty plea.

 The judgment of conviction is reversed and the cause is remanded to the district
court for a new trial at which appellant may enter his plea to the indictment. Our disposition of
the first five points of error renders appellant's sixth point moot.



Before Justices Powers, Jones and B. A. Smith