NUMBER 13-00-444-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI






JOSE DE LA FUENTE, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 138th District Court


of Cameron County, Texas.






O P I N I O N



Before Justices Dorsey, Hinojosa, and Rodriguez


Opinion by Justice Dorsey



 This is an appeal from a plea of guilty for delivery of a controlled substance for
which appellant, Jose De La Fuente, was sentenced to ten years in prison. Appellant's
plea of guilty was not made subject to a plea bargain agreement. After the trial court
found him guilty, the case was set for sentencing at a later time so a pre-sentence
investigation could be made and a report prepared. Defense counsel indicated that
a side agreement had been reached with the prosecutor's office, and the judge
announced that it would be discussed at sentencing.

 At the sentencing hearing an investigator for the district attorney's office
testified that an agreement had been reached between his office and the appellant that
if the appellant cooperated and aided them in seizing narcotics and making cases
against perpetrators, they would recommend probation. The investigator testified that
appellant had not cooperated with their office to any meaningful extent, and had
breached his duties under the contract. Appellant testified somewhat to the contrary. 
The trial judge found that appellant had breached his contract with the district
attorney's office, and that even if he had not, the district attorney could only
recommend probation as a punishment, and such would not be binding on the court. 
The trial judge then sentenced appellant to ten years in prison.

 Appellant brings three points of error, arguing in essence that a plea bargain had
been reached, he performed his part of the bargain, and he was entitled to either
performance by the State or a withdrawal of his plea of guilty, citing a number of
cases that hold that a trial court must either enforce the bargain or allow the defendant
to withdraw his plea of guilty. See McWherter v. State, 571 S.W.2d 312, 313 (Tex.
Crim. App. 1978); Papillion v. State, 908 S.W.2d 621, 624 (Tex. App.-Beaumont
1995, no pet); Escobedo v. State, 643 S.W.2d 243, 246 (Tex. App.-Austin, 1982,
no pet).

 The applicable statute is Article 26.13 of the Texas Code of Criminal Procedure
in that it sets forth the method to handle plea bargain agreements. That article deals
with pleas of guilty and expressly states what the court should admonish the
defendant prior to accepting a plea of guilty. Section (a)(2) of that article provides: 

 Provided that the court shall inquire as to the existence of any plea
bargaining agreements between the state and the defendant and, in the
event that such an agreement exists, the court shall inform the defendant
whether it will follow or reject such agreement in open court and before
any finding on the plea. Should the court reject any such agreement, the
defendant shall be permitted to withdraw his plea of guilty or nolo
contendere.


Tex. Code Crim. Proc. Ann. art 26.13 (a)(2) (Vernon Supp. 2002).


 That procedure was followed explicitly in this case. The court inquired whether
there were any plea bargains, to which the defendant answered "none." The written
admonitions concerning the plea indicated there was no plea bargain and that no
sentence would be recommended in exchange for the plea of guilty. The reason the
court is required to inquire whether there is a plea bargain is to put everything on the
record and above board before the court accepts the plea along with the conditions
and recommendations agreed to. The procedure has been established to protect the
defendant in his bargain with the State to plea guilty. There is no evidence here
indicating that the appellant's plea of guilty was predicated on any recommendation
of punishment by the district attorney. This was not a plea of guilty covered by article
26.13(a)(2) allowing the defendant to withdraw his plea if he is dissatisfied with the
sentence imposed.

 The conviction is affirmed.

 


 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 25th day of July, 2002.