NUMBER 13-01-00316-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



ARTURO RAMIREZ,                                                              Appellant,

 

                                                   v.

 

STATE
OF TEXAS,                                                                 Appellee.

 



 

                        On appeal from the 404th District Court

                                 of Cameron
County, Texas.

 

 



                                   O P I N I O N

 

          Before Chief Justice Valdez and Justices Yañez
and Castillo

                                  Opinion by Justice Castillo

 








Appellant
Arturo Ramirez pled guilty to aggravated sexual assault of a child without an
agreement as to the punishment to be assessed by the trial court.  The trial judge found appellant guilty and
sentenced him to thirty-five years incarceration.  From this conviction, he appeals two
issues:  (1) the imposition of a sentence
based in part on misinformation and an accompanying violation of his due
process rights by the prosecutors= failure to
disclose to appellant that the State had no evidence to substantiate the
misinformation; and (2) the voluntariness of appellant=s plea due to
changed circumstances in that he was unaware before he pled guilty that the
prosecutors would inject the misinformation into his sentencing hearing.  We conclude that appellant waived the first
issue, we overrule the second, and affirm. 


                                            PROCEDURAL
HISTORY








The State charged
appellant with one count of Aggravated Sexual Assault of a Child by contact[1]
and one count of Indecency with a Child.[2]  The indictment also contained a
repeat-offender enhancement paragraph alleging a prior felony conviction for
burglary of a habitation.[3]  On May 25, 2001, appellant pled guilty to the
allegations of Aggravated Sexual Assault of a Child by contact.  The State did not pursue either the Indecency
with a Child count or the enhancement paragraph.  The trial court recessed the plea proceeding
for completion of a pre-sentence investigation and sex‑offender
paperwork.  On July 6, 2001, the trial
court reconvened for a sentencing hearing. 
Prosecutors in the case remarked during the sentencing hearing that penetration
had occurred during the offense and that medical proof of that fact had been
lost as the result of a delayed outcry. 
Thereafter, the court imposed a thirty-five year sentence.  Appellant filed a motion for new trial on the
general grounds that A[t]he verdict in this
cause is contrary to the law and the evidence.@  The trial
court denied the motion, and appellant filed a general notice of appeal.  This appeal ensued.  

                                                   JURISDICTION

The threshold issue we
must address is that of our own jurisdiction. 
See Yarbrough v. State, 57 S.W.3d 611, 615 (Tex. App.BTexarkana 2001, pet.
ref=d) (observing that an
appellate court has the obligation to determine its own jurisdiction).  Thus, we first analyze the State=s contention that we
have no jurisdiction because of a plea bargain between appellant and the
State.  The State argues that appellant=s general notice of
appeal, as a consequence of the plea bargain, does not meet the jurisdictional
requirements of Texas Rule of Appellate Procedure 25.2(b)(3).  Tex R.
App. P. 25.2(b)(3).  








Texas law limits a
felony plea-bargaining defendant=s right to appeal if Athe punishment
assessed did not exceed the punishment recommended by the prosecutor and agreed
to by the defendant.@  Id. 
In that event, the notice of appeal must specify that: (1) the appeal is
for a jurisdictional defect; (2) the substance of the appeal was raised by
written motion and ruled on before trial; or (3) the trial court granted
permission to appeal.  Id.  Appellant=s general notice of appeal does not invoke our
jurisdiction, then, only if the record reflects a plea bargain in which the
trial court assessed punishment no greater than that recommended by the State
and agreed to by appellant, not if the record reflects just any plea bargain,
as suggested by the State=s argument.[4]

The State contends
that the State agreed to permit appellant to plea to only Aone [c]ount and the
State did not require him to plea to the enhancement [p]aragraph,@ which, the State
argues, constitutes a punishment recommendation as contemplated by
rule 25.2(b)(3).  Id.  The State points to appellant=s AWritten Waiver and
Consent to Stipulation of Testimony, Waiver of Jury, and Plea of Guilty,@ which recites that
there was Ano plea agreement in
this case except as follows: Cold Plea to Aggravated Sexual Assault of a child.@  The State also directs our attention to the
fact that appellant did not enter a plea to the enhancement paragraph and that
the trial judge=s admonishment
regarding the range of punishment did not reflect any enhancement.  








Despite these facts,
we note that neither the clerk=s record nor the court
reporter=s record reflects any
agreement by the State not to adjudicate the count alleging Indecency with a
Child in exchange for appellant=s guilty plea to
Aggravated Sexual Assault of a Child, nor does the record provide evidence that
the State agreed to drop the enhancement paragraph in exchange for appellant=s guilty plea.[5]   Further, 
the court reporter=s record does not
reflect that the trial court informed appellant either that it would follow or
that it would reject any plea agreement. 
See Tex. Code Crim. Proc.
Ann. art. 26.13(a)(2) (Vernon Supp. 2002) (requiring the trial judge to
inform a plea-bargaining defendant of the court=s acceptance or rejection of any plea bargain); see
also Ditto v. State, 988 S.W.2d 236, 238 (Tex. Crim. App. 1999)
(interpreting the requirements of article 26.13(a)(2)).  In fact, the trial judge stated on the
record, AThere=s no plea bargain
here.@  Defense counsel responded, ANo, Your Honor.@[6]  The trial judge=s observation is consistent with our
understanding of the term Acold plea@ as equivalent to the
more familiar term Aopen plea@: appellant entered a
guilty plea without any recommendation from the State with regard to
punishment.[7]








We cannot divine any
agreement by the State B either implicit or
explicitB from this
record.  See Ex parte Moussazadeh,
64 S.W.3d 404, 412 (Tex. Crim. App. 2001) (AWe hold that any finding that parole eligibility
formed an essential part of a plea agreement must be founded upon the express
terms of the written plea agreement itself, the formal record at the plea
hearing, or the written or testimonial evidence submitted by both the
prosecution and applicant in a habeas proceeding.@).  We
cannot conclude on this record that appellant=s plea was the result of an agreed punishment
recommendation by the State as contemplated by rule 25.2(b)(3).  Thus, we hold that rule 25.2(b)(3) does not
apply to appellant=s appeal, and his
general notice of appeal is sufficient to invoke our jurisdiction.  See Guerrero v. State, 64 S.W.3d 436,
440 (Tex. App.BWaco 2001, no pet.)
(per curiam) (holding that rule 25.2(b)(3) did not apply to an appeal from a
guilty plea entered without the benefit of an agreed punishment
recommendation).  

RELEVANT FACTS

Appellant=s complaints center on
a colloquy that occurred during his sentencing hearing when the prosecutors who
were arguing the case asserted that penetration had occurred during the charged
Aggravated Assault of a Child by contact. 
In response to questioning by the court, the prosecutors admitted that
the State had no doctor=s report regarding
penetration,  arguing that the victim=s delayed outcry
resulted in the loss of any medical evidence.[8]   Appellant cites to the following portion of
the record:  








[PROSECUTOR NO. 1]: In
reference to the aggravated sexual assault, I=ve reviewed the PSI.  It seems like a pretty egregious act.  It was his own daughter.  She was nine years old at the time.  This is not something that B it=s nothing light.  Seems like there was B he went through the
whole act, penetration and all.  At this
time the state would be asking for 45 years TDC on that cause.

 

[DEFENSE COUNSEL]:
Your Honor, from what I can tell, and I haven=t had any evidence brought to the fact that
actually there was penetration.

 

THE COURT: Where is
the doctor=s report?

 

[PROSECUTOR NO. 1]: In
the PSI, Your Honor, page two it says towards the bottom subsequently he
extorted [sic] his penis and attempted to insert it into the girl.  

 

THE COURT: Where is
the doctor=s report?

 

[PROSECUTOR NO.
2]:  My understanding the little girl B the outcry on this
came substantially after the defendant actually had been out of the home when
the child felt safe enough to make the outcry. 
He had already been placed in the Safe P unit and so there wasn=t any physical
evidence or anything that needed to be preserved or there wasn=t any acute injury
that needed to go.  The little girl
needed to go to the doctor for B it=s not an option.  That evidence is not there because the outcry
was delayed.  

 

[DEFENSE COUNSEL]:
Well, Your Honor, we=re also making an
assumption. [Prosecutor No. 1] says there was actually penetration which the
act would be committed by just the touching. 


 

[PROSECUTOR NO. 2]:
Judge, all the law requires is contact. 
That=s all it
requires.  And number two, the little
girl says it happened, judge.

 

[DEFENSE COUNSEL]: We=re not arguing with
that, Your Honor.  There is a difference
between what he was saying and he was accused of.

 








THE COURT: Okay.  Mr. Ramirez. 
Based on your plea of guilty and the court having found you guilty, the
court is going to sentence you to 35 years Texas Department of Criminal Justice
Institutional Division.  Any legal reason
why sentence should not now be imposed?

 

THE DEFENDANT: No Your
Honor.  

 

                                        THE
VOLUNTARINESS ISSUE








We address first
appellant=s second issue.  As a preliminary matter, we must determine if
appellant waived any issues when he pled guilty without the benefit of an
agreed sentencing recommendation.  It
once was well established in this state that a defendant who entered a
voluntary and understanding plea of guilty or nolo contendere without the
benefit of a plea bargain agreement waived any nonjurisdictional errors.  Flowers v. State, 935 S.W.2d 131, 133
(Tex. Crim. App. 1996); Helms v. State, 484 S.W.2d 925, 927 (Tex. Crim.
App. 1972).  The court of criminal
appeals abrogated the AHelms rule@ in Young v. State,
8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000).  Waiver by guilty plea now occurs only Awhen the judgment of
guilt was rendered independent of, and is not supported by, the error.@  Young, 8 S.W.3d at 667 (the AHelms/Young rule@).[9]  Appellant contends that his plea was rendered
involuntary by changed circumstances between the entry of his guilty plea and
the sentencing hearing.  Since appellant
asserts an error that occurred Aat or after@ entry of his plea and
also challenges the voluntariness of his plea, the Helms/Young rule does
not limit our review of appellant=s second issue.  Castellano v. State, 49 S.W.3d 566,
569-570 (Tex. App.BCorpus Christi 2001,
pet. ref=d).[10]  

Appellant argues that
at no time before he entered his guilty plea had the State alleged penetration,
and thus he was unaware before he pled guilty that the State would raise the
issue of penetration during the sentencing hearing.  For the proposition that his plea was
involuntary as a result of these changed circumstances, appellant relies on Thom
v. State, 563 S.W.2d 618 (Tex. Crim. App. [Panel Op.] 1978), and Escobedo
v. State, 643 S.W.2d 243 (Tex. App.BAustin 1982, no
pet.).  

Thom provides no support
for appellant=s position.  As here, the trial court in Thom
recessed the sentencing hearing pending a probation report and sentenced the
defendant on a later date.  Thom,
563 S.W.2d at 619.  Reciting the maxim
that Athere is no bifurcated
trial at a plea of guilty trial,@ a panel of court of
criminal appeals judges rejected the defendant=s argument that he should have been allowed to
call witnesses during the final setting of the recessed sentencing
hearing.  Id.  We do not see how Thom is relevant to
appellant=s claim of Achanged circumstances.@








Escobedo, while on point,
provides no support to appellant, either. 
In Escobedo, the Achanged circumstances@ were the trial court=s rejection of the
original plea bargain agreement on which the defendant=s plea had been
based.  Escobedo, 643 S.W.2d at
246.  The Escobedo court
determined that the record did not reflect that the defendant had ever been
advised of his right to withdraw his earlier plea because of the trial court=s intention to reject
the original recommendation on which the plea was based.  Id. 
The Achanged circumstances@ in Escobedo
struck straight at the heart of the plea-bargaining defendant=s rights: Athe plea was
renegotiated during the sentencing hearing based on changed circumstances and
intervening facts under the trial court=s consideration.@  Id. at 245.  Significantly, the record of the Escobedo
sentencing hearing reflected Aonly confusion on
appellant=s part as to the state
of such negotiations during the punishment hearing.@  Id.  


The record here
reflects no such confusion on appellant=s part.  If the record shows that a defendant
demonstrated at the plea hearing an understanding of the consequences of the
plea, a Aheavy burden@ is placed on the
defendant to later show a lack of voluntariness.  Solomon v. State, 39 S.W.3d 704, 707
(Tex. App.BCorpus Christi 2001,
no pet.).  Claims on appeal of an
involuntary plea, without supporting confirmation in the record, will not be
sufficient for a reviewing court to find a plea involuntary.  See Franklin v. State, 693 S.W.2d 420,
431 (Tex. Crim. App. 1985) (refusing to consider mere assertions in a brief
that are unsupported by the record). 








We weigh the totality
of the circumstances in determining the voluntariness of a plea, viewed in
light of the entire record.  Ybarra v.
State,  960 S.W.2d 742, 745 (Tex.
App.BDallas 1997, no
pet.).  Unlike the record in Escobedo,
in this case the court reporter=s record of the plea
hearing and appellant=s representations in
his AWritten Waiver and
Consent to Stipulation of Testimony, Waiver of Jury, and Plea of Guilty@ show he understood
the charges against him, had consulted with his attorney, and entered his plea
freely.  Appellant did not seek to
withdraw his plea after the prosecutors injected the penetration issue into the
sentencing hearing, nor did appellant=s general motion for
new trial preserve any issue of the voluntariness of his plea.  Hence, the trial judge conducted no hearing
on the voluntariness issue.  Nothing in
the record contradicts the statements made by appellant at the plea proceeding
and in the written plea papers that he understood the consequences of his
guilty plea.  The only record before us
indicates a voluntary plea.  See Munoz
v. State, 840 S.W.2d 69, 74 (Tex. App.BCorpus Christi 1992,
pet. ref=d) (finding no
indication of involuntariness on a factually similar record).  We overrule appellant=s second issue. 

                              THE
MISINFORMATION ISSUE








Having determined that
appellant=s plea was voluntary,
we now address his first issue. 
Appellant complains that interjection into his sentencing hearing by
prosecutors of an unsubstantiated allegation of penetration had two effects:
(1) the trial judge imposed a sentence based at least in part on Amisinformation of
constitutional magnitude@ as prohibited by U.S.
v. Tucker, 404 U.S. 443, 447 (1972);[11]
and (2) the prosecutors did not disclose to appellant before entry of his plea
the absence of any medical evidence to support the allegation of penetration,
in violation of Brady v. Maryland, 373 U.S. 83 (1963).  

                          Waiver by Want
of Specific Objection and Ruling

Appellant complains
within his first issue that in assessing appellant=s punishment, the
trial judge specifically considered the Aextraneous offense@ injected into the
sentencing hearing by the prosecutors= remarks regarding
penetration and therefore imposed a sentence based on misinformation because
the State had no evidence of penetration. 
Appellant=s complaint in this
regard asserts an error that occurred after the entry of his plea, and as such
the Helms/Young rule does not apply. 
See Jack v. State, 871 S.W.2d 
741, 744 (Tex. Crim. App. 1994) (per curiam) (noting that Helms
rule did not limit appeal of asserted error Aoccurring at or after entry of a nonnegotiated
guilty plea@); see also
Lemons v. State, 953 S.W.2d 825, 827 (Tex. App.BCorpus Christi 1997,
no pet.) (recognizing that A[a] voluntary and
understanding guilty plea entered without the benefit of a plea bargain waives
all nonjurisdictional defects that occurred before the entry of the
plea.@) (emphasis added). 








Appellant contends
that the prosecutors= remarks during his
sentencing hearing about penetration amounted to the kind of Amisinformation of
constitutional magnitude@ condemned by Tucker
and require that his sentence be vacated and remanded.  The defendant in Tucker had been
convicted of armed bank robbery and sentenced to the maximum authorized term.  Tucker, 404 U.S. at 444.  The trial court expressly referred to three
previous felony convictions during the defendant's sentencing.  Id. 
Two of the convictions were later overturned as constitutionally invalid
and void under Gideon v. Wainwright, 372 U.S. 335 (1963).  Id. 
The Court of Appeals for the Ninth Circuit affirmed the trial court=s refusal to vacate
the conviction, but remanded the case for resentencing.  Id. at 446.  On the government=s writ of certiorari,
the United States Supreme Court affirmed the remand and held that the case
dealt not with a sentence imposed by the informed discretion of a judge, but
with a sentence founded in part on Amisinformation of constitutional
magnitude.@  Id. at 447.  The Court held that the defendant's sentence
might have been different had the sentencing judge known that two of the
defendant's previous convictions were void. 
Id. at 448.  

Significantly, Tucker
did not object to the trial court=s consideration of the
convictions in assessing his sentence.  Id.
at 444.  This is because the convictions
considered by the sentencing court were not overturned until several years
after the sentencing hearing in which they were admitted.  Id. at 444‑45.[12]









Texas law long has required
a contemporaneous objection to the admission of a prior conviction during
sentencing, even when the prior conviction was obtained without the defendant
having the benefit of counsel.  Ex
parte Russell, 738 S.W.2d 644, 647 (Tex. Crim. App. 1987) (op. on reh=g).  Thus, a defendant may waive even Tucker
error of Aconstitutional
magnitude@ by failing to timely
object, in keeping with the general rule that an appellant may not complain of
an error pertaining to sentencing or punishment without objecting or otherwise
raising the error in the trial court.  Id.;
see Mercardo v. State, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986)
(stating the general rule); see also Rogers v. State, 640 S.W.2d
248, 264-65 (Tex. Crim. App. [Panel Op.] 1982) (op. on second reh=g) (finding waiver of
a claim on appeal that the trial court=s sentencing
procedures violated due process when the appellant did not object to the
procedure); Quintana v. State, 777 S.W.2d 474, 479 (Tex. App.BCorpus Christi 1989,
pet. ref=d) (finding that a
failure to object to the sentence imposed by the trial court as cruel and
unusual waived the error).  

The prosecutors= remarks complained of
by appellant in this case were subject to objection at the time of appellant=s sentencing.  Russell, 738 S.W.2d at 647.  Appellant waived any error in the trial court=s consideration of the
prosecutors= remarks by not
objecting on that basis.  Id.  








Further, even if we
construe appellant=s protest at the
sentencing hearing that the prosecutors= remarks about
penetration were inconsistent with the charged offense as an objection to the
trial judge=s consideration of the
remarks in assessing appellant=s sentence, appellant
did not pursue any ruling from the trial judge. 
To preserve an error for appellate review, a party must present a timely
objection to the trial court, state the specific grounds for the objection if
they are not apparent from the context, and obtain an implicit or explicit
ruling or the court=s refusal to rule.  Tex. R.
App. P. 33.1; see Flores v. State, 871 S.W.2d 714, 723 (Tex.
Crim. App. 1993) (AAlthough the judge did
not give a clear instruction to disregard [the prosecutor=s comments] and did
not rule on appellant=s motion for a
mistrial, appellant, apparently being satisfied, did not pursue his objection
in order to obtain an adverse ruling. 
Where an adverse ruling is not obtained, nothing is preserved for
review.@).  Thus, we hold that appellant waived his
complaint by not stating with specificity the grounds for any objection
regarding the court=s consideration of the
prosecutors= remarks about
penetration and by failing to pursue either a ruling from the trial judge or
the trial judge=s refusal to rule.[13]  Tex.
R. App. P. 33.1; Flores, 871 S.W.2d at 723.  

                                              Waiver
by Guilty Plea








Appellant also
complains that prosecutors did not produce exculpatory information to the
defense, in violation of Brady v. Maryland, 373 U.S. 83 (1963), before
entry of appellant=s guilty plea.  The information appellant claims the
State  wrongfully withheld was that which
the prosecutors discussed during the sentencing hearing, that is, that the
State had no medical evidence of penetration. 
Appellant claims he learned of the alleged Brady violation only after
his plea, during the sentencing hearing. 
Nonetheless, the focus of his assertion is that the violation itself
occurred when the prosecutors did not disclose to him before his plea
that the State had no medical evidence of penetration.  We conclude that the Helms/Young rule
applies to our review of appellant=s claimed Brady
violation.  Jacobs v. State, 80
S.W.3d 631, 632 (Tex. App.BTyler 2002, no pet.
h.).  Therefore, we must determine if
here Athe judgment of guilt
was rendered independent of, and is not supported by, the error.@  Young, 8 S.W.3d at 667; Jacobs,
80 S.W.3d at 632.  That is, we analyze if
the alleged Brady error has a Adirect nexus@ with the guilt or
innocence of appellant.  See Brink v.
State, 78 S.W.3d 478, 484 (Tex. App.BHouston [14th Dist.]
2001, no pet.) (applying Young to claimed error in substitution of
counsel).   








The Young court
held that the judgment in that case was not rendered independent of the alleged
error in the trial court=s denial of Young=s motion to
suppress.  Young, 8 S.W.3d at
667.  Other courts also have concluded
that where error is predicated on the denial of a motion to suppress, the
judgment is not independent of the alleged error.  See, e.g., Guerrero, 64 S.W.3d at 440
(applying Young to hold that the judgment was not independent of the
denial of a motion to suppress an allegedly involuntary confession).  However, unlike a motion to suppress, which
necessarily goes directly to the issue of proof of the defendant's guilt,
allegedly withheld exculpatory material may or may not have a direct nexus with
the defendant=s guilt or
innocence.  Jacobs, 80 S.W.3d at
632.  Here, the absence of medical proof
of penetration has no nexus with appellant=s guilt or innocence
of the offense of conviction, which was Aggravated Sexual Assault of a Child by
contact, not by penetration. 
Accordingly, we find that appellant, by his plea of guilty without an
agreed punishment recommendation, waived his claim of a Brady violation
in the prosecutors= failure to disclose
before appellant=s plea that the State
had no medical evidence of penetration.[14]  Id. 

CONCLUSION

Having found that
appellant waived his first issue and having overruled the second, we affirm the
judgment and sentence of the trial court.

 

ERRLINDA CASTILLO                                                                                                                                                            Justice

 

Publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 10th day of October, 2002.











[1] Tex. Pen. Code Ann. ''
22.021(a)(1)(B)(iv), (a)(2)(B) (Vernon Supp. 2002).





[2] Tex. Pen. Code Ann. '
21.11(a)(2)(B) (Vernon Supp. 2002).





[3]
Tex. Pen. Code Ann. '
12.42(c)(1) (Vernon Supp. 2002).





[4]  An agreement between the State and a
defendant may be a plea bargain without having as one of its terms an agreed
punishment recommendation.  Any
concession by the State in exchange for the defendant=s
guilty plea creates a plea bargain.  See
Perkins v. Court of Appeals, 738 S.W.2d 276, 282 (Tex. Crim. App. 1987)
(orig. proceeding) (APlea bargaining
is a process which implies a preconviction bargain between the State and the
accused whereby the accused agrees to plead guilty or nolo contendere in
exchange for a reduction in the charge, a promise of sentencing leniency, a
promise of a recommendation from the prosecutor to the trial judge as to
punishment, or some other concession by the prosecutor that he will not seek to
have the trial judge invoke his full, maximum implementation of the conviction
and sentencing authority he has. . . .@).  Only a plea bargain that incorporates an
agreed recommendation as to punishment and is accepted by the court, however,
triggers the restrictive proviso of rule 25.2(b)(3).  Tex R.
App. P. 25.2(b)(3); see Dorsey v. State, 55 S.W.3d 227, 233
(Tex. App.BCorpus Christi
2001, no pet.) (concluding that a written leniency agreement in exchange for
the defendant=s cooperation
with authorities that was not accepted by the court did not require a
particularized notice of appeal under rule 25.2(b)(3)).  





[5]
Courts apply general contract law principles to plea bargain agreements.  Ex parte Moussazadeh, 64 S.W.3d 404,
411 (Tex. Crim. App. 2001).  A plea
bargain agreement is a bilateral, not unilateral contract.  See Ortiz v. State, 885 S.W.2d 271,
273 (Tex. App.BCorpus Christi
1994),  aff=d,
933 S.W.2d 102 (Tex. Crim. App. 1996) (AA
plea bargain consists of three parts: a plea of guilty, the consideration for
it, and the approval by the court of the agreement.  The bargain is the consideration exchanged to
the defendant for the plea of guilty.@).  Proof here that the trial court did not
adjudicate one count of the indictment and the enhancement paragraph is not
proof that the State agreed to abandon those claims as consideration for
appellant=s guilty plea
to one of the charges.  The record is
silent as to the reasons for the State=s
concessions.





[6]
The prosecutor did not offer any correction to either statement.  





[7]
For an example and discussion of the use of the term Acold
plea@ in this
jurisdiction, see Colunga v. State, Nos. 13-97-202-CR,
13-97-203-CR, 13-97-204-CR, 13-97-205-CR, 1997 Tex. App. LEXIS 6534, at *5-*6
(Tex. App.BCorpus Christi
December 18, 1997, no pet.) (not designated for publication).





[8]
The indictment in this case did not contain any allegation of Aggravated Sexual
Assault of a Child by penetration under sections 22.021(a)(1)(B)(i) or (ii) of
the penal code.  Tex. Pen. Code Ann. '' 22.021(a)(1)(B)(i),
(ii) (Vernon Supp. 2002).  





[9]
The Helms rule did not apply to asserted error Aoccurring
at or after entry of a nonnegotiated guilty plea.@  Jack v. State , 871 S.W.2d  741, 744 (Tex. Crim. App. 1994) (per curiam);
see Lemons v. State, 953 S.W.2d 825, 827 (Tex. App.BCorpus
Christi 1997, no pet.) (AA voluntary and
understanding guilty plea entered without the benefit of a plea bargain waives
all nonjurisdictional defects that occurred before the entry of the
plea.@) (emphasis
added); see also Cooper v. State, 45 S.W.3d 77, 87 (Tex. Crim. App.
2001) (Price, J., dissenting) (AIt
is true that in Young v. State, 8 S.W.3d 656 (Tex. Crim. App.
2000), we abrogated the Helms rule. 
However, the restrictive language in Helms did not preclude a
challenge to the voluntariness of an open guilty plea. . . .  When we abrogated Helms, we did not
alter the ability of a non-plea bargaining defendant to challenge the voluntariness
of his plea. . . .  After Helms,
and even after Young, a defendant who pleads guilty without the benefit
of a plea bargain may challenge the voluntariness of his plea irrespective of
the trial court's permission.@)
(citations omitted).  





[10]
We note that the result would be the same under both the Helms rule and
its Young incarnation.  Application of the Helms rule was
predicated on a guilty plea that was Avoluntarily
and understandingly made.@  Flowers v. State, 935 S.W.2d
131, 132 (Tex. Crim. App. 1996). 
Similarly, if appellant=s
plea was involuntary, as he claims, application of Young leads to the
conclusion that the judgment of guilt could not have been rendered independent
of the error.  Castellano v. State,
49 S.W.3d 566, 569 n.2 (Tex. App.BCorpus
Christi 2001, pet. ref=d).





[11]
Appellant also argues that the United States Supreme Court=s
condemnation of the use of convictions obtained in violation of Gideon v.
Wainwright, 372 U.S. 335 (1963), to either support guilt or to enhance
punishment for another offense applies to compel reversal and remand of his sentence,
citing Burgett v. Texas, 389 U.S. 109, 115 (1967).  Burgett adds nothing to appellant=s
argument, however, and so we focus our analysis on applying the principle of Amisinformation
of constitutional magnitude@
established by U.S. v. Tucker, 404 U.S. 443, 447 (1972).  





[12]
It was Tucker that established the now-familiar principle that
convictions obtained in violation of Gideon are not admissible for
punishment purposes.  As the seminal case
then, Tucker=s failure to
object to the admission of the prior convictions did not waive the error.  Ex parte Flores, 537 S.W.2d 458, 459
n.2 (Tex. Crim. App. 1976).  





[13]
Even if appellant had preserved the issue, the prosecutors acknowledged to the
trial judge that the State had no medical evidence of penetration.  Contrary to appellant=s
assertion in his brief, the court reporter=s
record does not reflect that the trial judge stated on the record that he
considered the prosecutors=
remarks about penetration in sentencing appellant.  Unlike the sentencing judge=s
express consideration of the void convictions in Tucker, we cannot
conclude that the judge considered the remarks as evidence of penetration, much
less that the remarks constituted Amisinformation
of constitutional magnitude.@  U.S. v. Tucker, 404 U.S. 443, 447
(1972).





[14]
The result is the same even if we conclude that the substance of appellant=s
complaint originated after his plea and renders the Helms/Young rule
inapplicable.  We find no error in the
State=s failure to
disclose to appellant the absence of any medical proof of penetration.  Certainly, a prosecutor has the affirmative
duty to disclose all material evidence favorable to the accused.  Brady v. Maryland, 373 U.S. 83, 87-88
(1963).  Failure to do so results in a
violation of the due process clause of the Fourteenth Amendment.  Brady, 373 U.S. at 87.  We apply a three-part test to determine if a
prosecutor=s actions
violated due process.  We inquire
whether: (1) the prosecutor failed to disclose evidence; (2) the evidence is
favorable to the accused; and (3) the evidence is material, meaning a
reasonable probability exists, had the evidence been disclosed to the defense,
that Athe result of
the proceeding would have been different.@
 Little v. State, 991 S.W.2d 864,
866 (Tex. Crim. App. 1999).  As we stated
in our waiver analysis regarding the lack of a nexus between the undisclosed
information and appellant=s guilt of the
offense for which he was convicted, disclosure of the fact that the State had
no medical evidence of penetration, in all reasonable probability, would not
have caused the outcome of this case to be different.  The State did not allege nor did it seek to
prove penetration.  In his voluntary
written statement, appellant himself denied penetration.  In sum, we do not find that the complained-of
failure by the State to disclose that it had no medical evidence of penetration
was material for Brady purposes.