

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-13-00362-CR

## EX PARTE QUINCY DESHAN BUTLER

---

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 12-00472-CRF-272

---

## MEMORANDUM  OPINION

---

In one issue, appellant, Quincy Deshan Butler, challenges the trial court's denial

of his application for writ of habeas corpus.  We affirm.

### I.  BACKGROUND

This is not the first time that appellant has been before this Court.  *See, e.g., State*

*v. Butler*, No. 10-12-12-00234-CR, 2013 Tex. App. LEXIS 5541 (Tex. App.—Waco May 2,

2013, pet. ref'd) (mem. op., not designated for publication).  Previously, we reversed the

trial court's granting of appellant's motion to suppress statements appellant made to a

Brazos County grand jury, which included admissions that he was a convicted felon in

possession of a firearm—an offense that is the basis for this appeal.  *See id.* at **3-4.

This appeal stems from incidents that transpired on May 28, 2011. On that date, appellant allegedly shot through a closed door and hit his girlfriend, Pinkie Hardy, while at Hardy's residence in Bryan, Texas. According to a probable-cause statement made by Travis Hines to Sergeant Blake Bell, after the shooting, appellant fled the scene. When he left the scene, appellant was seen with a pistol in his possession. Appellant fled in a vehicle to Waller County, Texas. After evading Waller County Sheriff's deputies, appellant crashed his vehicle on Highway 290 in Waller County. A semi-automatic pistol and cocaine were discovered in appellant's vehicle. Additionally, a large amount of United States currency was found on appellant's person. Appellant was subsequently arrested.

At the hearing on appellant's application for writ of habeas corpus, Edna Hernandez, a prosecutor with the Waller County District Attorney's Office, testified that she received complaints against appellant for unlawful possession of cocaine, evading arrest, and unlawful possession of a firearm by a felon that were filed by the Waller County Sheriff's Office. Hernandez indicted appellant for unlawful possession of cocaine and evading arrest.[1] However, Hernandez did not indict appellant for unlawful possession of a firearm by a felon because Brazos County Assistant District Attorney Jason Goss expressed an intent to indict appellant for that offense in Brazos County. Hernandez explained that she moved to dismiss the unlawful-possession-of-a-

---

[1] The indictment included two enhancement paragraphs referencing appellant's prior convictions for unlawful possession of controlled substances.

firearm-by-a-felon complaint. Hernandez clarified that the complaint was "[a] straight dismissal," rather than dismissal as "a 12.45 case."

Hernandez later testified that appellant pleaded guilty to the two charged offenses in Waller County. Hernandez denied speaking with appellant's trial counsel regarding the unlawful-possession-of-a-firearm-by-a-felon complaint. She also denied explaining how what happened in Waller County would impact the charges filed in Brazos County. Specifically, Hernandez noted that "it was understood we had borrowed him [appellant] from Brazos County to take care of our cases; and we returned him right back to Brazos County." Hernandez recalled knowing that appellant had been indicted for unlawful possession of a firearm by a felon in Brazos County.

Ultimately, the 506th Judicial District Court in Waller County accepted appellant's guilty pleas to the two charged offenses in Waller County, found appellant guilty of the two offenses, determined that one of the enhancement paragraphs in the indictments was true, and sentenced appellant to thirteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice in both cases. The imposed sentences were ordered to run concurrently. Additionally, the judgments stated the following language: "dismiss unindicted Unlawful Possession Firearm." Hernandez explained that this language pertained to the Waller County complaint, not the Brazos County indictment for that offense and that the dismissal was not a part of the plea agreement.

Prior to trial on the unlawful-possession-of-a-firearm-by-a-felon charge in Brazos County, appellant filed an application for writ of habeas corpus, arguing that prosecution of this offense "is barred by the Double Jeopardy Clauses contained in Art. I, §14 of the *Texas Constitution*; the Fifth Amendment of the *United States Constitution*; and Arts. 1.10, 1.11, and 28.13 of the *Texas Code of Criminal Procedure*; and their related doctrine of collateral estoppel." (Emphasis in original). More specifically, appellant alleged that he "has been charged with the same offense arising from the exact same facts and one case has been dismissed as a result of the judgments entered in Waller County, Texas. This prevents litigation of the same offense based on the same set of facts." After a hearing, the trial court denied appellant's habeas-corpus application and certified appellant's right of appeal. This appeal followed.

## II. STANDARD OF REVIEW

An applicant for habeas-corpus relief must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Scott*, 190 S.W.3d 672, 673 (Tex. Crim. App. 2006) (per curiam). In reviewing the trial court's order denying habeas-corpus relief, we view the facts in the light most favorable to the trial court's ruling. *See Kniatt*, 206 S.W.3d at 664. We will uphold the trial court's ruling absent an abuse of discretion. *See id.* We afford almost total deference to the trial court's determination of the historical facts that the record supports. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We likewise defer to

the trial court's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *See id.*

## III. ANALYSIS

In one issue on appeal, appellant contends that the trial court abused its discretion in denying his habeas-corpus application because the dismissal of the unindicted unlawful-possession-of-a-firearm-by-a-felon complaint in Waller County constituted a section 12.45 dismissal, which barred any further prosecution for that offense under the principles of double jeopardy and collateral estoppel. *See* TEX. PENAL CODE ANN. § 12.45 (West 2011).[2]

To preserve error, Texas Rule of Appellate Procedure 33.1(a) requires the complaining party to make a specific objection or complaint and obtain a ruling thereon before the trial court. *See* TEX. R. APP. P. 33.1(a); *see also Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Texas courts have held that points of error on appeal must correspond or comport with objections and arguments made at trial. *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1999) ("[A]n objection stating one legal theory may not be used to support a different legal theory on appeal."); *see Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd). "Where a trial objection does

---

[2] Under section 12.45 of the Texas Penal Code, a defendant is permitted to admit guilt regarding an unadjudicated offense and request the trial court to consider the offense when determining punishment for an adjudicated offense. TEX. PENAL CODE ANN. § 12.45(a)-(b) (West 2011); *see, e.g., Ex parte Pharris*, No. 14-11-00266-CR, 2012 Tex. App. LEXIS 2939, at *10 (Tex. App.—Houston [14th Dist.] Apr. 17, 2012, pet. ref'd) (mem. op., not designated for publication). "If a court lawfully takes into account an admitted offense, prosecution is barred for that offense." TEX. PENAL CODE ANN. § 12.45(c); *see, e.g., Ex parte Pharris*, 2012 Tex. App. LEXIS 2939, at *10.

not comport with the issue raised on appeal, the appellant has preserved nothing for review." *Wright*, 154 S.W.3d at 241.

As stated earlier, appellant argued in his habeas-corpus application that he could not be prosecuted for unlawful possession of a firearm by a felon in Brazos County because the charge was dismissed in Waller County. In support of this contention, appellant cited "the Double Jeopardy Clauses contained in Art. 1, §14 of the *Texas Constitution*; the Fifth Amendment of the *United States Constitution*; and Arts. 1.10, 1.11, and 28.13 of the *Texas Code of Criminal Procedure*; and their related doctrine of collateral estoppel." (Emphasis in original). Nowhere in his application does appellant assert that section 12.45 of the Texas Penal Code bars prosecution of this offense in Brazos County. Moreover, at the hearing on his habeas-corpus application, appellant's trial counsel advocated a different legal theory than that articulated on appeal:

> It's our argument that basically this—it's our understanding that the State intends to go forward on the possession of a firearm by a felon, which is an indicted case here in Brazos County, Texas; and it's our position that basically they are precluded from going forward either by issue preclusion or collateral estoppel or double jeopardy. And therefore, we would ask the Court to grant our writ to dismiss the case that is currently pending in front of Mr. Butler as it relates to possession of a firearm by a felon, which is in this Cause Number 12-00472-CRF-272.

At no time during the hearing did appellant assert that section 12.45 barred prosecution of this offense in Brazos County. And though the prosecutor asked three questions of Hernandez with regard to section 12.45, Hernandez denied that section 12.45 applied in this case. Hernandez asserted that she dismissed the Waller-County complaint against appellant pertaining to unlawful possession of a firearm by a felon as "[a] straight

dismissal." Furthermore, appellant's trial counsel did not question Hernandez with regard to section 12.45.

Accordingly, we cannot imply from the context of the arguments made in the habeas-corpus application or at the hearing that appellant advanced an objection under section 12.45 of the Texas Penal Code. *See* TEX. R. APP. P. 33.1(a); *see also Lankston v. State*, 827 S.W.2d 907, 911 (Tex. Crim. App. 1992) (noting that, in determining whether a complaint on appeal comports with a complaint made at trial, we look at the context of the objection and the shared understanding of the parties at the time).[3] Indeed, we do not believe a generic double-jeopardy objection is specific enough to invoke section 12.45. *See* TEX. R. APP. P. 33.1(a); *see also Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) ("The two main purposes of requiring a specific objection are to inform the trial judge of the basis of the objection so that he has an opportunity to rule on it and to allow opposing counsel to remedy the error."); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (noting that to preserve error, the objecting party must let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper

---

[3] In *Lankston v. State*, the Court of Criminal Appeals specifically stated the following with regard to the specificity of objections:

> As regards specificity, all a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it. Of course, when it seems from context that a party failed effectively to communicate his desire, then reviewing courts should not hesitate to hold that appellate complaints arising from the event have been lost.

827 S.W.2d 907, 909 (Tex. Crim. App. 1992).

position to do something about it); *Lankston*, 827 S.W.2d at 909, 911. Consequently, appellant's appellate complaints do not comport with those made in the trial court. And as such, we cannot say that appellant preserved this issue for review. *See* TEX. R. APP. P. 33.1(a)(1); *see also Wilson*, 71 S.W.3d at 349; *Dixon*, 2 S.W.3d at 273.

And even if appellant had preserved this issue for review, the record does not indicate that appellant admitted guilt in Waller County to unlawfully possessing a firearm as a felon. Section 12.45(a) specifically requires an admission of guilt. *See Wilkins v. State*, 574 S.W.2d 106, 107-08 (Tex. Crim. App. 1978) (noting that, among other things, section 12.45(a) refers to the punishment phase of the trial); *see also Escobedo v. State*, 643 S.W.2d 243, 246 (Tex. App.—Austin 1992, no pet.). While a defendant is not required to plead guilty to the unadjudicated offense, the evidence must otherwise indicate his admission of guilt. *Zapata v. State*, 905 S.W.2d 15, 16 (Tex. App.—Corpus Christi 1995, no pet.). Furthermore, section 12.45(b) requires the sentencing court to have permission from the prosecutor with jurisdiction; it does not permit reliance upon the oral representations of defendant's counsel or the prosecutor from the court's own jurisdiction. *Escobedo*, 643 S.W.2d at 246. And while section 12.45 does not require the judgment to reflect the trial court's consideration of the unadjudicated offense or the prosecutor's permission, it is the better practice to include this information in written form. *See Whalon v. State*, 725 S.W.2d 181, 194-95 n.3 (Tex. Crim. App. 1986) (op. on reh'g); *see also Escobedo*, 643 S.W.2d at 246.

The plea papers in this case do not contain any written stipulation or confession in Waller County to unlawful possession of a firearm by a felon. Furthermore, the

record does not contain any oral stipulation or confession testified to by any witness. Instead, the plea agreement simply stated that the unindicted unlawful-possession-of-a-firearm-by-a-felon complaint would be dismissed. And the 506th Judicial District Court's judgment merely reflects this statement. Moreover, Hernandez's uncontroverted testimony was that the complaint was "[a] straight dismissal" in response to a request made by a Brazos County Assistant District Attorney, rather than a dismissal pursuant to section 12.45 of the Texas Penal Code.

Therefore, even if appellant had preserved this issue for review, we cannot say that the record is sufficient to demonstrate that section 12.45 barred prosecution in Brazos County for this offense. *See* TEX. PENAL CODE ANN. § 12.45; *Zapata*, 905 S.W.2d at 16; *Escobedo*, 643 S.W.2d at 246; *see also Ex parte George*, Nos. 04-96-00065-CR, 04-96-00066-CR, 04-96-00067-CR, 04-96-00068-CR, 1996 Tex. App. LEXIS 1942, at *10 (Tex. App.—San Antonio May 15, 1996, no pet.) (not designated for publication) (concluding that the requirements of section 12.45 were not met because there was no evidence indicating that the defendant admitted his guilt to the unadjudicated offense and that the trial court considered the unadjudicated offense when sentencing the defendant). Thus, viewing the facts in the light most favorable to the trial court's ruling, we cannot say that the trial court abused its discretion in denying appellant's habeas-corpus application. *See Kniatt*, 206 S.W.3d at 664. We overrule appellant's sole issue on appeal.

## IV. CONCLUSION

We affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed May 29, 2014
Do not publish
[CR25]