Sherman WILKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 58911.

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 6, 1978.

---

2. See *Ex Parte Cannon*, 546 S.W.2d 266, 272–274 (Tex.Cr.App.1976) (opinion on State's motion for rehearing).

Rip Collins, Austin, for appellant.

Ronald Earle, Dist. Atty. and Bill White, Asst. Dist. Atty., Austin, for the State.

Before ODOM, VOLLERS and W. C. DAVIS, JJ.

## OPINION

VOLLERS, Judge.

Appellant entered a plea of guilty to an indictment charging him with burglary of a habitation. In assessing the punishment at confinement in the Texas Department of Corrections for nine years, the trial judge took into consideration an unadjudicated offense occurring in McLennan County, Texas under the provisions of Section 12.45, V.A.P.C.

By four grounds of error, the appellant complains that the trial court erred in taking into account the unadjudicated offense because (1) there was no independent proof of appellant's guilt of such offense; (2) the trial court did not elicit a sufficient judicial confession from appellant of his guilt of the unadjudicated offense; (3) that the court did not give a sufficient admonition under the provisions of Article 26.13, V.A.C.C.P.; and (4) it was the district attorney of McLennan County who requested the trial court to take such unadjudicated offense into account and not appellant.

Section 12.45, V.A.P.C. provides:

"(a) An individual may, with the consent of the attorney for the state, admit during the sentencing hearing his guilt of one or more unadjudicated offenses and request the court to take each into account in determining sentence for the offense or offenses of which he stands adjudged guilty.

(b) Before a court may take into account an admitted offense over which exclusive venue lies in another county or

district, the court must obtain permission from the prosecuting attorney with jurisdiction over the offense.

(c) If a court lawfully takes into account an admitted offense, prosecution is barred for that offense."

The Practice Commentary to the code notes that this provision of the code is a novel provision which permits the defendant, with the trial court's agreement, to "clean the slate" of uncharged offenses. It further points out that the appropriate application of this section will improve prison morale and encourage rehabilitative efforts by removing the threat of future prosecution and restrict the use of detainers. In addition to this, it is designed to improve law enforcement's clearance rate by permitting the disposal of numerous offenses in single criminal action.

Primarily, it should be noted that the statute is drawn in such a manner as to give the defendant charged with the crime the sole option of "cleaning the slate" and barring further prosecution for offenses that are taken into consideration in the adjudication of punishment. Since it is for the defendant's benefit, it would appear that the strict construction which is urged by the appellant in this case would defeat the purpose for which the legislature enacted this particular section.

■ In answer to appellant's grounds of error number one and two, Section 12.45(a) only appears to require that appellant "admit during the sentencing hearing his guilt of one or more unadjudicated offenses." The record reflects that upon direct examination by his own counsel, after appellant had been properly admonished and his guilty plea accepted, appellant testified:

"Q: And you are the same Sherman Wilkins that is presently charged in cause number 76–434–C in McLennan-Waco, McLennan County, Texas for robbery. Is this correct?

A: Yes.

Q: And your plea here this morning is based in part with an agreement that has been worked out between the District Attorney here and the District Attorney in McLennan County.

A: Yes.

Q: And is based in part on the fact *that you are pleading to both of them here this morning.* Is this correct?

A: Yes." (Emphasis added.)

While not a model to show an admission by appellant, this evidence is sufficient to show that appellant was entering a plea of guilty to an unadjudicated offense as well as to the charge of burglary of a habitation. Since we have held that a plea of "true" to convictions alleged for the purpose of enhancement is sufficient to establish such convictions, *Latta v. State*, 507 S.W.2d 232 (Tex.Cr.App.1974); *Graham v. State*, 546 S.W.2d 605 (Tex.Cr.App.1977), it would therefore appear that the evidence here is sufficient to show a plea of guilty, or an admission, to the unadjudicated offense which is sufficient to allow the trial judge to take it into consideration and to bar the prosecution of this offense in McLennan County. Grounds of error number one and two are overruled.

■ As to ground of error number three that there was not a sufficient admonition as to the unadjudicated offenses, this Court has consistently held that Article 26.13, V.A.C.C.P. does not apply to the punishment phase of the trial. *Crowder v. State*, 424 S.W.2d 637 (Tex.Cr.App.1968); *Williams v. State*, 504 S.W.2d 477 (Tex.Cr.App. 1974); *Von Burleson v. State*, 505 S.W.2d 553 (Tex.Cr.App.1974). It is clear that the provisions of Section 12.45(a), providing for the admission of an unadjudicated offense "during the sentencing hearing" refers to the punishment phase of the trial. Therefore, we hold that there is no necessity on the part of the trial judge to admonish appellant under the terms of Article 26.13, V.A.C.C.P. before receiving his admission as to an unadjudicated offense. Ground of error number three is overruled.

■ By ground of error number four, appellant's contention that the district attorney of McLennan County requested the trial court to take this unadjudicated offense into consideration is without merit

also. The record reflects that the trial judge announced that he had a motion from the district attorney of McLennan County asking him to take into consideration the fact that appellant was charged with aggravated robbery in McLennan County, Texas, but this merely met the requirement of Section 12.45(b) that the court must have permission from the prosecuting attorney of McLennan County before he can take into account an admitted offense where exclusive venue lies in another county or district. Appellant's response to questioning by his attorney that his plea was based upon an agreement worked out between the district attorney of Travis County and the district attorney of McLennan County and that he was pleading to both the primary offense and the unadjudicated offense are sufficient to show that he was requesting the trial court to consider the unadjudicated offense and therefore satisfy the provisions of Section 12.45(a). Appellant's ground of error number four is overruled.

Judgment of the trial court is affirmed.