Felix ZAPATA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 13–93–658–CR.

Court of Appeals of Texas,
Corpus Christi.

June 29, 1995.

David R. Gutiérrez, Corpus Christi, for appellant.

Carlos Valdez, James D. Rosenkild, Dist. Atty's. Office, Corpus Christi, for appellee.

## OPINION

PER CURIAM.

Felix Zapata Jr. pleaded guilty to possession of less than 28 grams of cocaine. Based upon stipulated evidence, the court found appellant guilty. The court considered appellant's prior aggravated possession of cocaine offense and assessed punishment at twenty-five years confinement. Appellant raises one point of error in which he complains that the trial court erred during the sentencing phase of trial by improperly considering an unadjudicated offense under Texas Penal Code section 12.45. We reform the judgment, and as reformed affirm.

### BACKGROUND

In a joint plea proceeding, the trial court noted that appellant was indicted for two offenses, possession of cocaine (93 CR281–FS1) with an enhancement paragraph and possession of a taxable substance without payment of the tax (93 CR280–FS1). The court accepted appellant's plea of guilty to possession of cocaine. The prosecutor then offered a judicial confession and stipulation

into evidence relating to 93 CR281–FS1 and another similar judicial confession and stipulation signed by appellant, his attorney, and the prosecutor in 93 CR280–FS1. The court admitted both sets of evidence.

The parties made their punishment recommendations without a plea agreement after which the following exchange occurred:

The Court: Do you have any objection to me just considering this indictment—

Prosecutor: 1245ing that?

The Court: —as part of 1245?

Prosecutor: Not if he's given 25 years, Your Honor.

The Court: That's what I was planning on giving him.

Prosecutor: Okay. Thank you Judge. No objection.

When assessing appellant's punishment, the court stated the following:

The Court finds you guilty in Cause No. 93 CR281–FS1 of possession of cocaine and find[s] that you are, in fact, the same person that was heretofore convicted in Cause No. 89CR2180A on March the 15th, 1990 for possession—of aggravated possession of cocaine in the 28th District Court. The Court is going to assess your punishment in this case at 25 years in the State penitentiary, and *the Court is going to 1245 your other case. That is, I'm going to consider that 25 years in 93 CR280–F as one. You're not going to be convicted in that case, but I've taken that into consideration and assessed your punishment of 25 years.* Any questions?

Appellant responded, "No Sir."

A person may, with the consent of the State's attorney, admit during the sentencing hearing his guilt of one or more unadjudicated offenses and request the court to take each into account in determining sentence for the offense of offenses of which he stands adjudged guilty. Tex.Penal Code Ann § 12.45(a) (Vernon Supp.1994).

Appellant complains that the trial court erred because he never admitted guilt in 93 CR280–FS1, the unadjudicated offense. Additionally, appellant complains that he did not request that the court take the unadjudicated offense into account in determining his sentence. Appellant further contends the error harmed him insofar as the court stated that it assessed the twenty-five year sentence after considering the unadjudicated offense.

The State responds that while appellant never explicitly requested the court's consideration of the unadjudicated offense, appellant acquiesced to its consideration. Specifically, the State argues that appellant acquiesced by failing to respond while the court advised the prosecutor of Section 12.45 and sought the prosecutor's consent to "12.45" the unadjudicated tax offense. Additionally the State contends that appellant again acquiesced by failing to complain when the court announced that it intended to consider the unadjudicated offense when assessing punishment. The State asserts that these facts, coupled with the failure of appellant to object to the admission of his judicial confession in 93 CR280–FS1, sufficiently establish appellant's "request" that the court proceed under section 12.45.

■ Section 12.45 permits a defendant, with the trial court's agreement, to "clean the slate" of uncharged offenses. *Wilkins v. State,* 574 S.W.2d 106, 108 (Tex.Crim.App. 1978). The statute gives the defendant the option of cleaning the slate and barring further prosecution for offenses that the court considers in the adjudication of punishment. *Id.* Because the statute favors the defendant, the *Wilkins* court determined that strict construction would defeat the purpose for which the Legislature enacted section 12.45. *Id.*

■ Section 12.45 does not require that a defendant plead guilty to an unadjudicated offense. Rather, the statute requires that appellant, during the punishment hearing, *admit* guilt to the unadjudicated offense. In the present case, the record reflects appellant's admission of guilt to 93 CR280–FS1, the tax offense, by the admission into evidence of appellant's confession and the stipulated evidence without objection.

■ The final issue concerns the remaining element of Section 12.45 which requires that appellant "request" that the court consider the tax code charge when determining

his punishment for the possession offense. In reviewing the record, we find no explicit request by appellant for the court to consider the tax case when sentencing him for the possession offense. We conclude, however, that appellant's request may be implied. We note that appellant did not object to the admission of his confession or to the admission of the stipulated evidence in the tax case, and did not object when the court asked the prosecutor's permission to "12.45" the tax offense. Additionally, upon pronouncing sentence, appellant did not object when the court stated that it had "12.45ed" the tax offense.

Although not a model of how the court should proceed under Section 12.45, since the statute benefits appellant by wiping the slate clean, we hold that sufficient evidence exists to show that appellant cannot be prosecuted in the future for the tax case. Additionally, we note that the court assessed appellant's sentence at twenty-five years which falls well within the punishment range for enhanced possession of cocaine under 28 grams. We overrule appellant's sole point of error.

We recognize that the judgment mentions the existence of a plea bargain agreement. Yet the statement of facts reflects that the trial court determined that no plea bargain existed. Therefore, we reform the trial court's judgment to reflect that no plea bargain existed in this case. We reform the judgment and as reformed affirm.