TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00642-CR







William Anthony Tanner, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 47,173, HONORABLE JOE CARROLL, JUDGE PRESIDING







 Appellant William Anthony Tanner was convicted of retaliation on his plea of no contest
and was sentenced to ten years' imprisonment. Appellant brings one point of error, which we overrule. 
We will affirm his conviction.

 Appellant was arrested on December 19, 1996, and later indicted for indecency with a
child by sexual contact in cause number 47,172. See Tex. Penal Code Ann. § 21.11 (a)(1), (c) (West
1994). Appellant was indicted in cause number 47,173 for retaliation against his estranged wife by telling
her, in a telephone conversation she recorded, that he would put, or have someone put, a bullet through
her head for pursuing the indecency case against him. See Tex. Penal Code Ann. § 36.06(a)(1), (c) (West
1994 & Supp. 1998). (1) Retaliation is a third degree felony, and the type of indecency for which appellant
was indicted is a second degree felony. See Tex. Penal Code Ann. §§ 12.33, .34 (West 1994). Appellant
pled no contest to a charge of retaliation pursuant to an agreement in which the prosecutor agreed to permit
appellant to admit his guilt in the unadjudicated indecency case and to request that the court take it into
account in sentencing in the retaliation case. This barred further prosecution of the indecency case. See
Tex. Penal Code Ann. § 12.45 (West 1994). 

 In his sole point of error, appellant argues that the trial court erred in considering the 
indecency offense under Penal Code section 12.45 because appellant did not admit his guilt, but only pled
"no contest." Appellant refers this Court to no authority for his interpretation. The State points out a
statute that makes the legal effect of a nolo contendere plea the same as a plea of guilty (with an exception
applicable only to civil suits which is not relevant here). See Tex. Code Crim. Proc. Ann. art. 27.02(5)
(West 1989). "A plea of no contest admits every essential element of the offense and is tantamount to an
admission of guilt." Johnston v. State, 774 S.W.2d 818, 820-21 (Tex. App.--Dallas 1989, no pet.)
(citing Lott v. United States, 367 U.S. 421, 428 (1961)). One court of appeals has held that section
12.45 does not require a defendant to plead guilty to an unadjudicated offense, but rather requires him to
admit guilt to the offense at sentencing, and held that the State's introduction into evidence of defendant's
confession to the unadjudicated offense without an objection by defendant was a sufficient admission of guilt
to support the application of section 12.45. Zapata v. State, 905 S.W.2d 15, 16 (Tex. App.--Corpus
Christi 1995, no pet.). Since this statute gives a defendant the option of resolving all pending charges and
barring further prosecution of all unadjudicated offenses, and because it favors the defendant, strict
construction would defeat the legislature's purpose for enacting the statute. Wilkins v. State, 574 S.W.2d
106, 108 (Tex. Crim. App. 1978). 

 The trial court in the instant case was careful to make sure appellant knew what he was
doing by pleading "no contest" to the charge of indecency. Appellant filed a document entitled "Admission
of Unadjudicated Offense" which stated that he entered his plea of no contest to the indecency case and
requested the court to take it into consideration in sentencing. At the sentencing hearing, the trial court
explained that "no contest" means the same thing as "guilty" in criminal proceedings, and appellant said he
understood. Just a month earlier, before the trial court accepted appellant's guilty plea, he had established
that appellant was a college graduate and that he had personally read the plea documents and understood
that a "no contest" plea was the same as "guilty." At sentencing, the trial court specifically asked appellant
if it was still his intention to pursue this course, i.e., admit to the indecency case and have the court consider
it in deciding his punishment on the retaliation conviction. Appellant responded "Yes, sir." Appellant's
acknowledgments that he understood what the plea meant and that he still wanted to do it were sufficient
to support the trial court's application of Penal Code section 12.45. Appellant's point of error is overruled. 










 Having overruled appellant's point of error, we affirm the trial court's judgment.






 


 John Powers, Justice


Before Justices Powers, Kidd and B. A. Smith


Affirmed


Filed: August 31, 1998


Do Not Publish

1. Amendments effective September 1, 1997, do not affect this case, but the most current version is
cited for convenience. 


nt
pled no contest to a charge of retaliation pursuant to an agreement in which the prosecutor agreed to permit
appellant to admit his guilt in the unadjudicated indecency case and to request that the court take it into
account in sentencing in the retaliation case. This barred further prosecution of the indecency case. See
Tex. Penal Code Ann. § 12.45 (West 1994). 

 In his sole point of error, appellant argues that the trial court erred in considering the 
indecency offense under Penal Code section 12.45 because appellant did not admit his guilt, but only pled
"no contest." Appellant refers this Court to no authority for his interpretation. The State points out a
statute that makes the legal effect of a nolo contendere plea the same as a plea of guilty (with an exception
applicable only to civil suits which is not relevant here). See Tex. Code Crim. Proc. Ann. art. 27.02(5)
(West 1989). "A plea of no contest admits every essential element of the offense and is tantamount to an
admission of guilt." Johnston v. State, 774 S.W.2d 818, 820-21 (Tex. App.--Dallas 1989, no pet.)
(citing Lott v. United States, 367 U.S. 421, 428 (1961)). One court of appeals has held that section
12.45 does not require a defendant to plead guilty to an unadjudicated offense, but rather requires him to
admit guilt to the offense at sentencing, and held that the State's introduction into evidence of defendant's
confession to the unadjudicated offense without an objection by defendant was a sufficient admission of guilt
to support the application of section 12.45. Zapata v. State, 905 S.W.2d 15, 16 (Tex. App.--Corpus
Christi 1995, no pet.). Since this statute gives a defendant the option of resolving all pending charges and
barring further prosecution of all unadjudicated offenses, and because it favors the defendant, strict
construction wo