**Phillip LACKIE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–01–387–CR.**

Court of Appeals of Texas,
Waco.

Feb. 6, 2002.

Phillip Lackie, Huntsville, pro se.

John C. Paschall, Robertson County Dist. Atty., Franklin, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## MEMORANDUM OPINION

TOM GRAY, Justice.

A grand jury presented indictments against Phillip Lackie for indecency with a child and aggravated sexual assault. The district clerk docketed the indecency indictment under trial court cause number 01–04–17,036–CR and the aggravated sexual assault charge under trial court cause number 01–04–17,049–CR. Lackie pleaded *nolo contendere* to the aggravated sexual assault charge without the benefit of a plea recommendation. The court assessed his punishment at ninety-nine years.

In connection with these plea proceedings, Lackie filed a motion in the indecency case admitting his guilt and requesting that the court take the indecency charge into account when assessing his punishment for aggravated sexual assault. *See* TEX. PEN.CODE ANN. § 12.45 (Vernon 1994). The prosecuting attorney signed this motion indicating his consent. *Id.* § 12.45(a). The court signed an order granting Lackie's request.

Lackie's counsel filed a notice of appeal from the aggravated assault conviction which we have docketed under appellate cause number 10–01–419–CR. Lackie filed a *pro se* notice of appeal in the indecency case which we have docketed under cause number 10–01–387–CR.

The trial court's decision to grant Lackie's section 12.45 motion bars any further prosecution of Lackie for the indecency charge. *Id.* § 12.45(c); *Wilkins v. State,* 574 S.W.2d 106, 108 (Tex.Crim.App. [Panel Op.] 1978); *Zapata v. State,* 905 S.W.2d 15, 16 (Tex.App.-Corpus Christi 1995, no pet.). However, the court's order does not constitute a conviction. *Cf. Murray v. State,* 840 S.W.2d 675, 679 (Tex.App.-Tyler 1992, no pet.) (offenses admitted and considered under section 12.45 are admissible at punishment as part of defendant's criminal record); *see also* TEX.CODE CRIM. PROC. ANN. ART. 37.07, § 3(a)(1) (Vernon Supp. 2002) (evidence of defendant's "prior criminal record" admissible at punishment, including unadjudicated offenses "shown beyond a reasonable doubt").

Article V, section 6 of the Texas Constitution invests this Court with jurisdiction over "all cases of which the District Courts

or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." TEX. CONST. ART. V, § 6. Article 44.02 of the Code of Criminal Procedure provides in pertinent part, "A defendant in any criminal action has the right of appeal." TEX.CODE CRIM. PROC. ANN. ART. 44.02 (Vernon 1979). Texas courts have consistently construed article 44.02 to allow an appeal only "from a 'final judgment [of conviction],' though the statute does not contain this limitation on its face." *Benford v. State,* 994 S.W.2d 404, 408–09 (Tex. App.-Waco 1999, no pet.) (quoting *State v. Sellers,* 790 S.W.2d 316, 321 n. 4 (Tex. Crim.App.1990)).

This Court has jurisdiction over other types of criminal appeals only when "expressly granted by law." *Benford,* 994 S.W.2d at 409 (quoting *Apolinar v. State,* 820 S.W.2d 792, 794 (Tex.Crim.App.1991)). No statute vests this Court with jurisdiction over an appeal from an order issued under section 12.45 of the Penal Code. Accordingly, we dismiss this appeal for want of jurisdiction.