IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 2031-01






BRUCE WAYNE SHANKLE, Appellant



v.



THE STATE OF TEXAS






ON DISCRETIONARY REVIEW


FROM THE THIRD COURT OF APPEALS


BELL COUNTY






 Womack, J., delivered the unanimous opinion of the Court.



 When a defendant pleads guilty to one offense pursuant to a plea-bargain agreement
by which the State consented to an unadjudicated offense's being taken into account in
assessing punishment, is the sentence for the offense a "punishment recommended by the
prosecutor" for purposes of the rule that limits the right of plea-bargainers to appeal? We
hold that it is.

Proceedings in the Courts Below


 According to a police officer's affidavit in the clerk's record of this case, on August
15, 1999, the appellant entered the "home" of a girl younger than seventeen years of age,
threatened to kill her, sexually assaulted her, and stole "items" from her home. A few
months later, a grand jury presented an indictment for aggravated sexual assault and an
indictment for burglary of a habitation.

 On January 19, 2001, the appellant and the State filed a "disclosure of plea
recommendations" in the sexual assault case, to "show the court":

 that a plea agreement has been reached between the defendant and the State,
subject to the approval of the Court, to-wit: that in exchange for a plea of
guilty to AGGRAVATED SEXUAL ASSAULT OF A CHILD, the State agrees
to recommend and does recommend in complete fulfillment of all promises
that Defendant's sentencing will be done by the Judge taking the plea in this
case. The Defendant shall be adjudicated guilty.


 that in exchange for the Defendant pleading guilty in this cause, the State
agrees to barr [sic] prosecution of Defendant for the felony offense of
Burglary of Habitation in Cause No. 50,637, IAW [in accordance with] §
12.45, Texas Penal Code[, and]


 that the State agrees to file no more charges arising from events occurring on
August 15, 1999.


On the same day, the appellant executed a written "Waiver of Jury and Agreement to
Stipulate Upon a Plea of Guilty," a written judicial confession, and a written admission of
the unadjudicated offense of burglary of habitation for which he had been indicted, and he
pleaded guilty.

 After receiving in evidence the appellant's written confession of the sexual-assault
offense, the court withheld a finding on guilt, ordered a presentence investigation, and said
that the case would be reset for sentencing.

 On March 30, 2001, the court heard testimony from nine witnesses. Then it
admonished the defendant and took his plea of guilty in the burglary of habitation case. (The
reason for doing this was not stated.) (1) The court announced that it would take the burglary
offense into account in assessing punishment in the sexual assault case, and that it would
bar further prosecution of the burglary case.

 The court heard the argument of counsel, found the appellant guilty of aggravated
sexual assault, sentenced him to 40 years in prison, gave him credit for 592 days in jail, and
ordered him to pay court costs, attorney's fees, and restitution. The court noted that the
appellant had 30 days in which to file a motion for new trial or a motion in arrest of
judgment. The appellant said he needed to take that time.

 The State noted for the court that "there is a plea agreement in this case and that was
-- so his right of appeal is limited."

 Defense counsel said, "Correct."

 The Court said, "Yes. There is -- there is a limited right of appeal in this case, but I
will give you the 30 days so that you can make a decision as to what you wish to do." The
court remanded the appellant to custody, and recessed.

 On a "Bell County Law Enforcement Center Inmate Services Request" form dated
April 3, 2001, the appellant wrote to the District Clerk:

 I am under the understanding that I need to send this to you Mrs. Norman.
This is my Notice of Appeal. I am going to be appealing my case. So, if you
would file or take this and put on Record that I am & will be filing an Appeal.
So, here is my Notice of Appeal. If you could send me a copy of this I would
appreciate it. [Signed] Bruce Shankle. Thank You!


The clerk filed the notice on April 5, 2001. On April 26, the court of appeals ordered the
district court to appoint counsel for the appellant.

 The court of appeals held that the notice of appeal was adequate to invoke its
jurisdiction, and that the district court's failure to admonish the appellant that he would be
required to register as a sex offender was a reversible error under the standard of review in
Rule of Appellate Procedure 44.2(b). Shankle v. State, 59 S.W.3d 756 (Tex. App. --
Austin 2001). We granted review of both holdings. Because of our decision on the first
holding, we shall not reach the merits of the second.

Defendant's Right of Appeal


 In 1977, the legislature acted to limited the right of appeal by a plea-bargaining
defendant. The same legislature enacted Texas' first authorization and regulation of plea-bargaining.

 Before 1977, the legislature's only action on plea-bargaining was a 1975
amendment of Code of Criminal Procedure article 26.13 that included this new
subdivision:

 (a) Prior to accepting a plea of guilty or a plea of nolo contendere, the
court shall admonish the defendant of:


 (1) the range of the punishment attached to the offense; and


 (2) the fact that the recommendation of the prosecuting attorney as to
punishment is not binding on the court. (2)


 In Cruz v. State, this Court "commend[ed] the practice" that was codified by that
amendment, and said:

 In addition, we commend as better practice a procedure whereby the trial
judge on the record informs the defendant and the attorneys for both the
defense and the State that they have a duty to enumerate to the court and upon
the record the details of any agreements that may have been reached as a
result of plea negotiations. The instances in which defendants are misled by
their own attorney or the State's attorney should be reduced, as well as the
instances in which defendants feel they have been misled or deceived. We can
perceive no valid reason why in this manner the whole subject of plea
bargaining should not be brought out of the shadows and into the open light of
day. The only effect can be more even-handed justice, a better informed
exercise of judicial discretion, and an increase in the extent to which
defendants feel the criminal justice system has treated them fairly. (3)


The Court refused, however, to follow the decisions of state and federal courts that had
given defendants the right to withdraw their pleas if the trial court refused to follow a plea-bargaining agreement.

 Whether it was motivated by the Cruz opinion we cannot say, but the next legislature
authorized and regulated plea-bargaining agreements by adding a proviso to Article
26.13(a)(2), so that the article read:

 (a) Prior to accepting a plea of guilty or a plea of nolo contendere, the
court shall admonish the defendant of:


 (1) the range of the punishment attached to the offense; and


 (2) the fact that the recommendation of the prosecuting attorney as to
punishment is not binding on the court. Provided that the court shall inquire
as to the existence of any plea bargaining agreements between the state and
the defendant and, in the event that such an agreement exists, the court shall
inform the defendant whether it will follow or reject such agreement in open
court and before any finding on the plea. Should the court reject any such
agreement, the defendant shall be permitted to withdraw his plea of guilty or
nolo contendere, and no statement or other evidence received during such
hearing on the defendant's plea of guilty or nolo contendere may be admitted
against the defendant on the issue of guilt or punishment in any subsequent
criminal proceeding. (4)

 

 This amendment not only brought plea-bargaining into the open, it also modified the
traditional doctrine which we had adopted in Cruz that the recommendation of the
prosecuting attorney as to punishment was not binding on the court and that the defendant
had no recourse if the punishment exceeded that to which he had agreed. The 1977 act
authorized the State and the defendant to enter into a plea-bargaining agreement on
punishment that would be binding on the court, to the extent that the defendant was entitled
to learn whether the court would follow the agreement and to withdraw his plea if the court
refused to be bound by the agreement.

 The same legislature limited a plea-bargaining defendant's right of appeal by adding
to article 44.02 of the Code of Criminal Procedure a proviso so that the article read: 

 A defendant in any criminal action has the right of appeal under the rules
hereinafter prescribed, provided, however, before the defendant who has been
convicted upon either his plea of guilty or plea of nolo contendere before the
court and the court, upon the election of the defendant, assesses punishment
and the punishment does not exceed the punishment recommended by the
prosecutor and agreed to by the defendant and his attorney may prosecute his
appeal, he must have permission of the trial court, except on those matters
which have been raised by written motion filed prior to trial. (5)


 We have held that a guilty-pleading defendant's right of appeal, as thus limited, is a
substantive right that may not be abridged, enlarged, or modified by Rule of Appellate
Procedure 25.2(b). (6) This is because of the terms of the act of the legislature that, in 1985,
granted this Court authority to make such rules: "The court of criminal appeals is granted
rulemaking power to promulgate rules of posttrial, appellate, and review procedure in
criminal cases except that its rules may not abridge, enlarge, or modify the substantive
rights of a litigant." (7)

 Using language that was substantially identical to that in the 1977 proviso to Article
44.02, we embodied the guilty-pleading defendant's right of appeal in the Rules of
Appellate Procedure in 1986, (8) and in the revisions of the Rules in 1997 (9) and 2003. (10)

 The 1977 legislative act and our rules have limited the right of appeal of a defendant
whose plea of guilty was entered in a case in which the court assessed a punishment that did
"not exceed the punishment recommended by the prosecutor and agreed to by the
defendant." The question is whether this case is such a case. The prosecutor and the
appellant entered into a plea-bargain agreement, but was it an agreement by which the
prosecutor recommended, and the appellant agreed to, "punishment"?

 The two basic kinds of plea-bargaining in the United States are charge-bargaining and
sentence-bargaining. (11) Charge-bargaining involves questions of whether a defendant will
plead guilty to the offense that has been alleged or to a lesser or related offense, and of
whether the prosecutor will dismiss, or refrain from bringing, other charges. Sentence-bargaining may be for binding or non-binding recommendations to the court on sentences,
including a recommended "cap" on sentencing (12) and a recommendation for deferred-adjudication probation. (13) (There can be other kinds of plea bargains that include other
considerations, but they are far fewer in number.)

 It is obvious that sentence-bargaining involves punishment, and almost equally
obvious that charge-bargaining affects punishment. An agreement to dismiss a pending
charge, or not to bring an available charge, effectively puts a cap on punishment at the
maximum sentence for the charge that is not dismissed.

 If the State and the appellant in this case had made an agreement that the State would
recommend a punishment not to exceed one life sentence, it unquestionably would have
been an agreement on punishment. The agreement for the State to allow the court to take
into account the other pending charge of burglary of a habitation in assessing punishment
for the sexual assault, and not to charge another offense that the appellant committed that
day, had the same effect. The agreement in this case for the court to take the burglary into
account in punishing the appellant for the sexual assault also was like a sentence-bargain in
that it required the consent of the court.

 Charge-bargains can affect punishment in other ways. For example, two offenses
may be within the same range of punishment, but if one of them is described in Code of
Criminal Procedure article 42.12, section 3g, and the other is not, the effects of sentences
that are identical on their faces can be quite different. Sentences that are described in that
section cannot be suspended by the trial court without the recommendation of a jury, (14) and
offenders convicted of them become eligible for parole only when their actual calendar
time served in confinement equals the lesser of one-half of the sentence or 30 years, while
other offenders are eligible when their actual calendar time served plus good conduct time
equals the lesser of one-fourth of the sentence or 15 years. (15)

 Because the appellant pleaded guilty and "the punishment assessed did not exceed
the punishment recommended by the prosecutor and agreed to by the defendant," we hold
that the plea-bargaining appellant had no right of appeal under the applicable rule of
appellate procedure.

 The court of appeals should not have addressed the merits of the appellant's point of
error about the trial court's failure to admonish him as Code of Criminal Procedure article
26.13(a)(5) required, and we may not address it either. The judgment of the court of
appeals is vacated, and the appeal is dismissed.


En banc.

Delivered November 5, 2003.

Publish.
1. See Zapata v. State, 905 S.W.2d 15, 16 (Tex. App. -- Corpus Christi 1995, no pet.)
("Section 12.45 does not require that a defendant plead guilty to an unadjudicated offense. Rather, the
statute requires that appellant, during the punishment hearing, admit guilt to the unadjudicated offense").
2. Act of June 19, 1975, 64th Leg., R.S., ch. 341. § 3, 1975 Tex. Gen. Laws 909, 909.
3. 530 S.W.2d 817, 822 (Tex. Cr. App. 1975).
4. Act of May 27, 1977, 65th Legislature, R.S., ch. 280, 1977 Tex. Gen. Laws 748.
5. Act of June 10, 1977, 65th Leg., R.S., ch. 351, § 1, 1977 Tex. Gen. Laws 940, repealed by
Act of June 14, 1985, 69th Leg., R.S., ch. 685, §§ 1 & 4, 1985 Tex. Gen. Laws 2472 (authorizing
Court of Criminal Appeals to promulgate rules of procedure and conditionally repealing articles of
Code of Criminal Procedure). The proviso was repealed simultaneously with the effective date of
former Rule of Appellate Procedure 40(b)(1), the predecessor of Rule of Appellate Procedure 25.2(b).
6. Cooper v. State, 44 S.W.3d 77, 81 (Tex. Cr. App. 2001).
7. Act of June 14, 1985, supra note 5, codified as Tex. Gov't Code § 22.108(a) by Act of
May 21, 1987, 70th Leg., R.S., ch. 148, § 2.04(a), sec. 22.108(a), 1987 Tex. Gen. Laws 534, 542. 
8. See Tex. R. App. P. 40 (b)(1) (1986) ("Such notice [of appeal] shall be sufficient if it shows
the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment
was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal
Procedure, and the punishment assessed does not exceed the punishment recommended by the
prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a
nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial
court granted permission to appeal or shall specify that those matters were raised by written motion and
ruled on before trial").
9. See Tex. R. App. P. 25.2(b)(3) (1997) ("(2) Notice is sufficient if it shows the party's desire
to appeal from the judgment or other appealable order . (3) But if the appeal is from a judgment
rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article
1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and
agreed to by the defendant, the notice must: (A) specify that the appeal is for a jurisdictional defect; (B)
specify that the substance of the appeal was raised by written motion and ruled on before trial; or (C)
state that the trial court granted permission to appeal").
10. See Tex. R. App. P. 25.2(a)(2) (2003) ("A defendant in a criminal case has the right of
appeal under Code of Criminal Procedure article 44.02 and these rules.  In a plea bargain case --
that is, a case in which defendant's plea is guilty or nolo contendere and the punishment did not exceed
the punishment recommended by the prosecutor and agreed to by the defendant -- a defendant may
appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B)
after getting the trial court's permission to appeal").
11. See Fed. R. Crim. P. 11(e)(1) (authorizing agreement to plead guilty to charged offense or a
lesser or related offense, in return for government's moving to dismiss other charges, making non-binding sentence-recommendation, or making binding recommendation of specific sentence); George
E. Dix & Robert O. Dawson, 43 Texas Practice -- Criminal Practice and Procedure §
34.101 (2d ed. 2001) ("Broadly, there are three types of plea bargains -- (1) charge reduction,  (2)
charge dismissal,  and (3) sentence recommendation, in which the defendant pleads guilty in
exchange for a promise by the State to make some specified type of punishment recommendation");
Joshua Dressler & George C. Thomas, II, Criminal Procedure 992 (2d ed. 2003) ("three
types of deals": agreement to dismiss charges, binding sentencing agreement, and non-binding
sentencing recommendation); Wayne R. LaFave, Jerold H. Israel, & Nancy J. King, 5 Criminal
Procedure § 21.1(a) (2d ed. 1999) (discussing three "forms" of plea-bargaining: charge-bargaining,
sentencing-bargaining, and a combination of those two); Charles H. Whitebread & Christopher
Slobogin, Criminal Procedure § 26.02 (4th ed. 2000) (discussing four "types" of plea-bargaining:
reduction in charge, dismissal of other charges, sentence recommendation, and stipulation that particular
sentence is appropriate).
12. See Ditto v. State, 988 S.W.2d 236, 238-39 (Tex. Cr. App. 1999).
13. See Vidaurri v. State, 49 S.W.3d 880 (Tex. Cr. App. 2001).
14. See Tex. Code Crim. Proc. art. 42.12, § 3g(a).
15. Tex. Gov't Code § 508.145.