Dismissed and Memorandum Opinion filed July 9, 2009








Dismissed
and Memorandum Opinion filed July 9, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00434-CR

NO. 14-09-00453-CR

NO. 14-09-00460-CR

NO. 14-09-00462-CR

____________

 

DEON RUSH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
506th District Court

Grimes County, Texas

Trial Court Cause Nos. 16022,
16024, 16026,
16020

 



 

M E M O R A N D U M   O P I N I O N








Appellant
entered a guilty plea to two counts of burglary of a habitation.  (Appeal No.
14-09-00434-CR, Cause No. 16022, and Appeal No. 14-09-00453, Cause No.
16024).   In each case, in accordance with the terms of a plea bargain
agreement with the State, the trial court sentenced appellant on February 18,
2009, to confinement for eighteen years in the Institutional Division of the
Texas Department of Criminal Justice.  No motion for new trial was filed in
either case.  The record reflects that in both cases appellant=s notice of appeal
was not timely filed. 

A defendant=s notice of appeal must be filed within
thirty days after sentence is imposed when the defendant has not filed a motion
for new trial.  See Tex. R. App. P. 26.2(a)(1).  The time for filing the
notice of appeal may be extended if, within fifteen days of the deadline for
filing the notice of appeal, appellant files the notice of appeal and a motion
complying with Rule 10.5(b).  See Tex. R. App. P. 26.3; 10.5(b). 

In each case, the notice of appeal was due March 20, 2009. 
See Tex. R. App. P. 26.2(a)(1).  In each case, appellant=s notice of appeal
was not filed until April 6, 2009.  Appellant=s notices of appeal were filed within fifteen days of the
deadline, but no motion for extension of time was filed in either case.  See
Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Although the
Court of Criminal Appeals has interpreted Tex. R. App. P. 26.3  similarly to
the Texas Supreme Court in regard to amending a defective notice of appeal, see
Few v. State, 230 S.W.3d 184, 189-90 (Tex. Crim. App. 2007); Bayless v.
State, 91 S.W.3d 801 (Tex. Crim. App. 2002), the Court has not held that an
extension is implied if a notice of appeal is filed within fifteen days after
the deadline.  See Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex.
1997).  This court has
no authority to allow the late filing of a notice of appeal except as provided
by Rule 26.3.  See Olivo, 918 S.W.2d at 522.  

If an
appeal is not timely perfected, a court of appeals does not obtain jurisdiction
to address the merits of the appeal and can take no action other than to
dismiss the appeal.  See Slaton v. State, 981 S.W.2d 208, 210
(Tex. Crim. App. 1998).  Accordingly, the appeals in Appeal No. 14-09-00434-CR
and Appeal No. 14-09-00453-CR are ordered dismissed.








In connection with these proceedings, the trial court
signed two orders granting appellant=s request to
consider unadjudicated offenses pursuant to section 12.45 of the Texas Penal
Code.  (Appeal No.
14-09-00460-CR, Cause No. 16026, and Appeal No. 14-09-00462, Cause No. 16020). 
The trial court=s order does not constitute a conviction in either case.

Generally,
an appellate court only has jurisdiction to consider an appeal by a criminal
defendant where there has been a final judgment of conviction.  Workman v.
State, 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961);  McKown v. State,
915 S.W.2d 160, 161  (Tex. App.CFort Worth 1996, no pet.).  The exceptions include:  (1)
certain appeals while on deferred adjudication community supervision, Kirk
v. State, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the
denial of a motion to reduce bond, Tex.
R. App. P.  31.1; McKown, 915 S.W.2d at 161;  and (3) certain
appeals from the denial of habeas corpus relief, Wright v. State, 969
S.W.2d 588, 589 (Tex. App.CDallas 1998, no pet.);  McKown, 915 S.W.2d at 161.  

An order
issued under section 12.45 of the Texas Penal Code is not a separately
appealable order.  See Lackie v. State, 70 S.W.3d 344, 345 (Tex.
App.B Waco 2002, no pet.). Because these
appeals do not fall within the exceptions to the general rule that appeal may
be taken only from a final judgment of conviction, we have no jurisdiction. 
Accordingly, the appeals in 14-09-00460-CR and 14-09-00462-CR are ordered
dismissed.

 

PER
CURIAM

 

 

Panel consists of Justices Anderson, Guzman, and
Boyce.

Do Not Publish C Tex. R. App. P.
47.2(b).