# NO. 12-19-00103-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CLYDE THOMAS DEVENDORF,* *APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Clyde Thomas Devendorf appeals from the denial of a motion to suppress in trial court cause number 20126. On February 12, 2019, the trial court signed an order barring prosecution in cause number 20126. The order states that the trial court "took in consideration this case pursuant to section 12.45 Texas Penal Code in Cause Number 20968" and "prosecution is barred for any offense in this cause pursuant to Section 12.45(c)[.]"[1] On March 11, Appellant filed a notice of appeal in cause number 20126. His docketing statement identifies the type of judgment as "other" and February 12 as the date the trial court imposed or suspended sentence in open court or the date the trial court entered an appealable order. The record does not contain a written order on the motion to suppress, a final judgment of conviction in cause number 20126, or a certificate of the right to appeal in cause number 20126.[2]

---

[1] "A person may, with the consent of the attorney for the state, admit during the sentencing hearing his guilt of one or more unadjudicated offenses and request the court to take each into account in determining sentence for the offense or offenses of which he stands adjudged guilty." TEX. PENAL CODE ANN. § 12.45(a) (West 2019). "If a court lawfully takes into account an admitted offense, prosecution is barred for that offense." *Id*. § 12.45(c).

[2] "The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order other than an order appealable under Code of Criminal Procedure Chapter 64." TEX. R. APP. P. 25.2(a)(2). When the defendant is the appellant, the record must include a certification of the defendant's right of appeal. TEX. R. APP. P. 25.2(d). An appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record. *Id*.

On March 29, the Clerk of this Court notified Appellant that the record failed to show this Court's jurisdiction, i.e., there is no final judgment or appealable order contained therein or the order being appealed is not an appealable order. The notice further informed Appellant that the appeal would be dismissed unless the record was amended on or before April 29 to show this Court's jurisdiction. In response, Appellant states that (1) his appeal in cause number 20126 was timely filed on March 11, (2) a trial court certification was filed in cause number 20968, which reflected he waived the right of appeal, but there is no such waiver in cause number 20126, and (3) the trial court granted his motion to suppress in part and denied it in part, but never signed an order reflecting its ruling. He requested that this Court direct the trial court to provide a written order on the motion to suppress and a certification of his right to appeal. Appellant's response does not address the lack of a final judgment of conviction or other appealable order and does not explain how a ruling on the pretrial motion to suppress suffices as an appealable order absent a final judgment of conviction.

In criminal cases, unless expressly authorized by statute, appellate courts have jurisdiction to review only final judgments. *See Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) (standard for determining jurisdiction is not whether appeal is precluded by law but whether appeal is authorized by law); *see also Young v. State*, No. 12-06-00189-CR, 2006 WL 1699585, at *1 (Tex. App.—Tyler June 21, 2006, no pet.) (mem. op. not designation for publication). No jurisdiction has been granted by law permitting appellate courts to immediately review an order denying a defendant's motion to suppress. *Young v. State*, No. 12-06-00189-CR, 2006 WL 1699585, at *1 (Tex. App.—Tyler June 21, 2006, no pet.) (mem. op., not designated for publication); *see Bradshaw v. State*, No. 05-18-00960-CR, 2018 WL 6427280, at *1 (Tex. App.—Dallas Dec. 6, 2018, no pet.) (mem. op., not designated for publication) (State may appeal order granting pretrial motion to suppress, but no corresponding provision entitles a defendant to appeal the denial of such a motion); *see also McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Rather, denial of a defendant's motion to suppress is not appealable absent a judgment of conviction. *Young*, 2006 WL 1699585, at *1; *see McKown*, 915 S.W.2d at 161.

As previously stated, the record contains no final judgment of conviction in cause number 20126. Nor does an order barring prosecution under Section 12.45 of the Texas Penal Code constitute a separately appealable order or a judgment of conviction. *See Rush v. State*, No. 14-09-00434-CR, 2009 WL 1975617, at *2 (Tex. App.—Houston [14th Dist.] July 9, 2009, no pet.)

(mem. op., not designated for publication) (order issued under Section 12.45 is not a separately appealable order); *see also Zedlitz v. State*, No. 12-07-00311-CR, 2007 WL 2782758, at *1 (Tex. App.—Tyler Sept. 26, 2007, no pet.) (mem. op., not designated for publication) (judgment on plea in bar is not a judgment of conviction; rather, it bars prosecution for the offense admitted by the defendant under Section 12.45); *Lackie v. State*, 70 S.W.3d 344, 345 (Tex. App.—Waco 2002, no pet.) (no statute vests an appellate court with jurisdiction over an appeal from an order issued under Section 12.45).

Accordingly, because the record does not contain a final judgment or appealable order, Appellant's appeal of the ruling on his motion to suppress is interlocutory. Thus, even a signed order on the motion to suppress would not vest this Court with jurisdiction, as no statute confers upon this Court the jurisdiction to consider an appeal from an order denying a defendant's motion to suppress. *See Young*, 2006 WL 1699585, at *1; *see also Bradshaw*, 2018 WL 6427280, at *1. For this reason, we *dismiss* the appeal for *want of jurisdiction*.

Opinion delivered May 15, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 15, 2019**

**NO. 12-19-00103-CR**

**CLYDE THOMAS DEVENDORF,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 369th District Court

of Cherokee County, Texas (Tr.Ct.No. 20126)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*